dUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CARLOS ALBERTO DOMINGUEZ,
         Petitioner,

v.

UNITED STATES OF AMERICA,

         Respondent.

ORDER ADOPTING REPORT AND
RECOMMENDATION
Civil File No. 25-03854 (MJD/DTS)

Carlos Alberto Dominguez, Petitioner, pro se.

Justin M. Page, Assistant United States Attorney, Counsel for Respondent.

      The above-entitled matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Shultz filed November 10, 2025. [Doc. 9.] On November 17, 2025, Petitioner filed a "Response to Government's Objection of Habeas Relief" [Doc. 10], which the Court interprets as his objections to the R&R.[1] Earl v. Fabian, 556 F.3d 717, 723 (8th Cir. 2009) (citation omitted) (pro se filings must be liberally construed).

---

[1] Petitioner's Reply had been due on November 3, 2025, which was "within seven days" of when Respondent filed its response. [Doc. 5.]

1

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court will adopt the Report and Recommendation.

Petitioner's objection impermissibly raises a new issue. <u>See</u> D. Minn. LR 72.2(b)(1) ("A party may file and serve specific written objections to a magistrate judge's <u>proposed findings and recommendations</u>. . . .") (emphasis added); U.S. Dist. Ct. D. Minn., <u>Pro Se Guidebook for Petitions for Writs of Habeas Corpus Governed by 28 U.S.C. § 2254</u> at 16 (explaining that "new arguments are not permitted at [the objection] stage").[2] However, because the Court can quickly dispatch the objections, the Court will exercise its discretion to do so.

The R&R concluded that because Petitioner is subject to a final order of removal pursuant to the First Step Act of 2018, time credits cannot be applied to his sentence even though he completed RDAP. [Doc. 9 at 1-2 (citing 18 U.S.C. § 3632(d)(4)(E)(i)).]

In his objection, Petitioner asserts 1) that his 2014 removal order was never enforced, is therefore "null and void," and that a new order had to be reissued

---

[2] Although the title states the Guidebook covers § 2254 proceedings, it contains information related to all habeas cases.

2

upon reentry to the United States. [Doc. 10 at 1 (citing 8 C.F.R. § 1003.25)]; and 2) that he cannot be removed to Cuba because the United States does not have an extradition agreement with Cuba.

First, Petitioner's removal order is not null and void. Petitioner hints that he did not comply with his removal order and therefore the order was not "enforced," but that he did leave the country and reentered illegally. (Id.)

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). 8 C.F.R. § 1003.25, cited by Petitioner, is irrelevant.

Second, extradition is not at issue here. Moreover, on January 12, 2017, then-President Obama announced that the Department of Homeland Security was ending the so-called "wet-foot/dry foot" policy for Cuban nationals and that effective immediately, Cuban nationals who attempt to enter the United States illegally and do not qualify for humanitarian relief will be subject to removal. The White House, Statement by the President on Cuban Immigration Policy, Jan. 12, 2017, available at https://obamawhitehouse.archives.gov/the-press-office/

2017/01/12/statement-president-cuban-immigration-policy.  Removals to Cuba are ongoing, many under the now-canceled Biden-era temporary protected status ("TPS") program.  See, e.g., https://www.cnn.com/2025/09/02/americas/cuba-deportees-us-ice-intl-latam.  Although the TPS program does not appear to apply to Petitioner, these removals show that his removal order can be enforced.[3]

Petitioner's objections are overruled.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge David T. Shultz filed November 10, 2025 **[Doc. 9]**;

2. Carlos Alberto Dominguez's Petition for a Writ of Habeas Corpus **[Doc. 1]** is **DENIED**;  and

3. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 12, 2025          s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court

---

[3] The Court takes no stance on possible immigration issues related to Petitioner's removal.  Based on its understanding of the facts presented, the Court finds only that the age and non-execution of the removal order are not bars to Petitioner's removal.